UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH BEISHIR and SANDRA BEISHIR,**

    **Plaintiffs,**

vs.                                                                Case No. 8:07-CV-65-T-27MAP

**CHASE HOME FINANCE LLC; DEUTSCHE
BANK NATIONAL TRUST COMPANY;
FABER & GITLITZ, P.A.; STUART H.
GITLITZ; ANNE M. CRUZ-ALVAREZ;
and ONE OR MORE "JOHN OR JANE SMITHS,"**

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' Motion for Award of Attorney Fees and Costs (Dkt. 29) and supporting affidavits (Dkts. 29-2, Composite Ex. "A"). Defaults were entered against Defendants Faber & Gitlitz, P.A., Stuart H. Gitlitz, and Anne M. Cruz-Alvarez on June 7, 2007.[1] (Dkts. 18, 19, 20). Final Default Judgment was entered in favor of Plaintiffs on October 12, 2007 in the amount of $12,000.00. (Dkt. 28). Plaintiffs seek an award of $28,270.00 in attorney's fees and $630.00 in costs. Upon consideration, Plaintiff's motion is **GRANTED** *in part*.

### *Attorney's Fees*

The first step in determining the amount to award in attorneys fees is the "lodestar" approach "which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000). "The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the

---

[1] These defendants are attorneys and their law firm. Notwithstanding that they executed a Case Management Report (Dkt. 14), they never responded to the Complaint and defaults were appropriately entered against them by the Clerk.

requested rate is in accord with the prevailing market rate and that the hours are reasonable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (*citing Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). "After determining the lodestar, the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation." *Id.* (*citing Norman*, 836 F.2d at 1303).

I.   *Number of Hours Reasonably Worked*

Plaintiffs's attorneys and staff spent a total of 68.4 hours on this case. Attorney Condon avers that he spent 45.35 hours on the case, Attorney Vollrath spent 6.75 hours and 15.30 hours were spent by an associate attorney. One hour was spent by a paralegal. (Dkt. 29-2).

A review of the attorney time records reveals that the attorneys spent approximately 45.5 hours researching, analyzing the case, preparing the complaint, and drafting the default papers. This Court does not question the accuracy of the time records or whether the attorneys actually spent the time recorded. However, in determining an award of fees, what hours are reasonable, for purposes of fee shifting, is not necessarily the same as the time actually spent by the attorneys. The issue is what hours were reasonable and necessary, considering the nature of the case, whether the case was defended, and the results obtained, among other considerations.

Much of the time claimed is unnecessary or redundant. The time sheets include numerous inter-office conferences between co-counsel, "office management conferences," and several redundant entries by Condon and Vollrath. These hours are not reasonable or necessary. *See Norman*, 836 F.2d at 1301 ("excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed"). "In making adjustments to hours claimed, the district court is charged with deducting for redundant hours." *Id.* Redundant hours generally occur where more than one attorney represents a client. *Id.* at 1301. While there is nothing inherently unreasonable about a client having multiple attorneys, the attorneys should be compensated for the "distinct contribution

of each lawyer" and not for "unreasonably doing the same work." *Norman*, 836 F.2d at 1302. In this regard, there are several duplicate time entries by Condon and Vollrath. For example, on January 12, 2007, March 29, 2007, May 4, 2007, and May 14, 2007, Condon and Vollrath entered the same amount of time, describing the same exact service, namely "office conference and review of case status with co-counsel." These generic carbon copy entries are redundant and therefore not recoverable. *See Norman*, 836 F.2d at 1302.

Moreover, as to the defaulted defendants, the case was not complex and the results obtained were not extraordinary, or "excellent," as Plaintiffs' counsel claims. (Dkt. 29, p. 9). The time records include numerous time entries which cannot be passed on to the defaulted defendants, as they are not reasonable or necessary in litigating Plaintiffs' claims against them. For example, with respect to the drafting of the Complaint, the time records indicate that approximately 21 hours were spent by the attorneys conferring, drafting, revising and finalizing the Complaint. That amount of time is unreasonable, considering that the Complaint is a 10 page, two count document, similar to complaints filed by these attorneys in numerous other cases with similar claims. The time entry on September 10, 2006 references 6.7 hours spent on "legal research regarding on [sic] foreclosures as debt collection activity," an issue not involved in this case. Two entries on January 11, 2007 do not describe what services were rendered. Significantly, most of the time entries involved settlement negotiations with the non-defaulted defendants. This time cannot be reasonably charged to the defaulted defendants. Nor should the time spent on correspondence and review of e-mail and litigation efforts involving the non-defaulted defendants be passed on to the defaulted defendants. Finally, time spent responding to the court's show cause order cannot be said to be reasonable and necessary time prosecuting the defaulted defendants.

In sum, only the time reasonably and necessarily required to secure the default judgment should be charged against the defaulted defendants, particularly where, as here, the other defendants

settled and paid $ 8,000.00 in attorneys fees. After review of the attorney time sheets and the docket, this Court finds that the fees sought against the defaulted defendants are excessive and unreasonable. This case was filed just over one year ago. It did not involve complex or novel issues. Six months after the Complaint was filed, the clerk entered a default against the defaulted defendants. Other than drafting the complaint, Plaintiffs' counsel spent virtually no time litigating the merits of the claims against the defaulted defendants. Other than the Complaint, only four pleadings were filed by Plaintiffs concerning the defaulted defendants: a motion for default, a response to this Court's show cause order, a motion for default judgment, and the instant motion for attorney's fees and costs. (Dkts. 17, 24, 26, 29).

Notwithstanding, Plaintiffs seek $22,135.00 in fees, less the $8,000.00 paid by the non-defaulting defendants, for a "revised total of $14,135.00." (Dkt. 29, p. 8).[2] Moreover, Plaintiffs seek a 2.0 multiplier, for a total fee award of $28,270.00. Plaintiffs' requested fee award is unreasonable and there is no basis for application of a multiplier. This Court finds that the following attorney hours are related to securing the default judgment against the defaulted defendants: preliminary conferences and complaint preparation: 6.0; case management report and Rule 26 compliance: 2.0; client conferences: 3.0; preparation of motions for default, default judgment, attorneys fees and costs: 7.4. This Court therefore finds the time reasonably expended by Plaintiffs' counsel and staff to total 19.4 hours (attorneys Condon and Vollrath: 15.4 hours; associate attorney: 3.0 hours; paralegal: 1.0 hour).

II.     *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. Attorney Condon received his law degree thirty two years ago from the University

---

[2] The case settled as to the non-defaulted defendants on or about August 27, 2007. Those defendants paid $8,000.00 to Plaintiffs for attorney's fees. (Dkts. 22, 23).

of Florida. (Dkt. 29-2). Considering his litigation experience, the market rate in the relevant community, and all other relevant factors, $350.00 per hour is a reasonable hourly rate. This Court further finds that $250.00 per hour is a reasonable rate for associate attorneys and $75.00 per hour is a reasonable rate for paralegals.[3]

Multiplying the reasonable hourly rate by the hours reasonably expended results in a lodestar amount of $ 5390.00 for services provided by Attorneys Condon and Vollrath, $750.00 by an associate attorney and $75.00 by a paralegal, for a total lodestar of $6,215.00.[4] However, an adjustment of the fee is appropriate in this case because the relief obtained, a default judgment, is limited. *See Norman*, 836 F.2d at 1302. Accordingly, this Court finds that an appropriate and reasonable fee to be charged against the defaulted defendants in this case is $3,500.00.

### *Taxable Costs*

Rule 54(d)(1), Federal Rules Civil Procedure, establishes a presumption that costs are awardable to the prevailing party. *Chapman v. A.I. Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). However, a court may only tax costs that are authorized by statute. *Equal Employment Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Additionally, the costs must have been incurred for services that were necessarily obtained for use in the case. *Id.* at 621.

Plaintiffs seek to tax costs in the amount of $630.00, which includes the filing fee ($350.00) and fees for service of process or attempted service of process ($280.00). (Dkt. 29-2, pp. 7-17).

---

[3] Attorney Condon's motion is supported by the affidavit of Kerry Brown, Esq., an attorney who practices law in Hillsborough County, Florida and purports to be familiar with the amounts customarily charged by attorneys for fees in similar type cases. (Dkt.29-2). Mr. Brown does not give an opinion on the hourly rates submitted by Plaintiffs' counsel. Rather, he generally opines that "the sum of $22,135.00 is a reasonable attorney's fee, without considering a multiplier, to be allowed the attorneys and support personnel for services rendered in this case." (Dkt. 29-2). Generally, Mr. Brown's affidavit would be insufficient to support Condon's hourly rates. Based on this Court's experience, however, $350 per hour is reasonable as it is consistent with the prevailing market rate in this legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.

[4] It is unnecessary to consider the $8,000.00 received in settlement by the non-defaulting defendants because this Court only considered the time expended in litigating the claims against the defaulted defendants.

These costs are taxable pursuant to 28 U.S.C. §§ 1920 & 1921. *W&O, Inc.*, 213 F.3d at 624. Accordingly, Plaintiff is entitled to an award of costs in the amount of $630.00.

Accordingly, it is **ORDERED AND ADJUDGED** that

1) Plaintiff's Motion for an Award of Attorney Fees (Dkt. 29) is **GRANTED**. Attorney's fees are taxed in the amount of $3,500.00 and costs in the amount of $630.00 are taxed against Defendants Faber & Gitlitz, P.A., Stuart H. Gitlitz, and Anne M. Cruz-Alvarez.

2) Judgment is hereby entered in favor of Plaintiffs Joseph Beishir and Sandra Beishir and against Defendants Faber & Gitlitz, P.A., Stuart H. Gitlitz, and Anne M. Cruz-Alvarez in the amount of $4,130.00, for which let execution issue. The Clerk is directed to enter judgment accordingly.

3) All pending motions are **DENIED** as moot.

4) The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida this 26TH day of February, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Parties & Counsel of Record